**IMG-076**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2536
_____

JUAN CARLOS FLORES PERALTA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-027-664 )
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011
Before:  AMBRO, GREENAWAY, JR. AND GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 13, 2011)
_____

OPINION
_____

PER CURIAM

Juan Carlos Flores Peralta, a native and citizen of Mexico, seeks review of an

April 28, 2010 decision of the Board of Immigration Appeals ("BIA") affirming the

Immigration Judge's ("IJ") order of removal.  For the following reasons, we will deny the

petition for review.

I.

Peralta first entered the United States without inspection in May 1995. In 1997, he filed for adjustment of status based on a petition filed by his wife, a United States citizen. While that application was pending, Peralta went to Mexico without having obtained advance parole, and was apprehended on May 12, 1998, upon returning to the United States. In an attempt to avoid detection by immigration officials, Peralta provided authorities with an alias. Accordingly, the government instituted removal proceedings against Peralta under the name David Arrellano-Diaz. Peralta, using that alias, pled guilty to entering the United States without inspection and stipulated to removal without a hearing. He was ordered removed to Mexico on May 28, 1998.

Peralta subsequently reentered the country illegally and, on December 16, 1998, appeared for an interview in connection with his application for adjustment of status. During that interview, Peralta signed his application, representing that he had never been arrested or deported, and that he had never sought to procure an immigration benefit "by fraud or willful misrepresentation of a material fact." (R. 181.) On January 4, 1999, Peralta was granted lawful permanent resident status. In 2005, Peralta filed a naturalization application. While processing that application, the government learned of Peralta's 1998 deportation under his alias, and denied the application because of Peralta's prior misrepresentations.

On November 20, 2007, Peralta was charged as being removable on two grounds:

2

(1) he procured an adjustment of status "by fraud or by willfully misrepresenting a material fact," namely, failing to disclose that he had been deported under an alias (R. 213); and (2) the former Immigration and Naturalization Service lacked jurisdiction to adjust Peralta's status in 1999 because he did not have a valid entry document at the time of the adjustment. See 8 U.S.C. §§ 1182(a)(6)(C)(i), (7)(A)(i)(I) & 1227(a)(1)(A). Peralta filed a motion to terminate the removal proceedings, arguing that the government's failure to discover the 1998 deportation order and its consequent mistaken adjustment of his status without jurisdiction should equitably estop the government from removing him almost nine years later.

The IJ found Peralta removable on both grounds and denied the motion to terminate. Upon Peralta's concession that no further relief was available to him, the IJ ordered him removed to Mexico. On appeal to the BIA, Peralta again contended that equitable estoppel should apply based on the government's alleged misconduct in failing to discover the 1998 deportation prior to adjusting his status. Peralta also contended that he had not been fully advised of his rights before stipulating to removal in 1998. After adopting the IJ's findings, the BIA concluded that DHS did not engage in any affirmative misconduct and that no evidence supported Peralta's contention that he had not been adequately advised of his rights. Peralta filed a timely petition for review with our Court.

II.

Peralta challenges the BIA's legal conclusion that the government did not engage

3

in affirmative misconduct and asserts that equitable estoppel should prevent his removal.[1]

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). The IJ's findings of fact, which the BIA adopted, are conclusive so long as they are supported by substantial evidence. Paripovic v. Gonzales, 418 F.3d 240, 243-44 (3d Cir. 2005); see also Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001) ("When the BIA defers to an IJ, a reviewing court must, as a matter of logic, review the IJ's decision to assess whether the BIA's decision to defer was appropriate."). The BIA's legal conclusions, however, are subject to de novo review. Paripovic, 418 F.3d at 244.

To prevail on his equitable estoppel claim, Peralta must establish "(1) a misrepresentation; (2) upon which he reasonably relied; (3) to his detriment; and (4) affirmative misconduct." Mudric v. Att'y Gen., 469 F.3d 94, 99 (3d Cir. 2006); see also Yang v. INS, 574 F.2d 171, 175 (3d Cir. 1978) ("[E]stoppel requires proof of affirmative misconduct on the part of the Government, a burden not easily met.") (citation omitted). Peralta contends that the government's failure to discover the 1998 proceedings via a background check using his fingerprints, and its subsequent adjustment of his status without jurisdiction "arguably" constitutes affirmative misconduct. (Pet'r's Br. 8, 10.) Application of equitable estoppel is therefore warranted, according to Peralta, because his reliance on the validity of the government's adjustment prevented him from investigating

---

[1] We will not address Peralta's challenge to the denial of his naturalization application, to the extent he raises such a challenge, given his failure to exhaust the issue during administrative proceedings. See 8 U.S.C. § 1252(d)(1); Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005).

4

other forms of relief that might have been available to him in 1999 that are now no longer available.[2] We conclude, however, that the government's failure to learn of the 1998 proceedings at most constitutes negligence, which cannot support application of equitable estoppel. See Mudric, 469 F.3d at 99; see also INS v. Hibi, 414 U.S. 5, 8 (1973) ("As a general rule laches or neglect of duty on the part of officers of the Government is no defense to a suit by it to enforce a public right or protect a public interest.") (quotations omitted).

Peralta also contends that he stipulated to removal in 1998 without a full understanding of his rights. Having reviewed the record, including the detailed stipulated order and waiver of hearing, which is written in English and Spanish and signed by Peralta under his alias, we agree with the BIA that Peralta's assertion is unsupported. (R. 169-73.) Furthermore, given Peralta's concession that he used a false name in connection with the 1998 removal proceedings to conceal his true identity from the government, his suggestion that he should have been informed of the effect of those proceedings on his adjustment application, which was filed under his real name, is disingenuous.

Accordingly, we will deny Peralta's petition for review.

_____

[2] Peralta and his wife divorced in 2004.

5